IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONICHA MCCANN-CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-664-GBW-SRF |
| | ) | |
| CHARLES ANDY BENNETT and | ) | |
| SERVICE TIRE TRUCK CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the court in this personal injury action are the following motions: (1) a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by defendants Charles Andy Bennett and Service Tire Truck Center (together, "Defendants"), (D.I. 17);[1] and (2) the motions of plaintiff Donicha McCann-Cross ("Plaintiff") for the appointment of counsel, (D.I. 21; D.I. 24).[2] For the following reasons, I recommend that the court GRANT the motion to dismiss and TERMINATE the motions to appoint counsel as moot.

**I.   BACKGROUND**

The first amended complaint ("FAC") alleges that Plaintiff was struck by a pickup truck while she was riding her bicycle across a crosswalk on February 11, 2025. (D.I. 8 at 2, 6) Bennett, an employee of Service Tire Truck Center, was driving the pickup truck bearing the

---

[1] The briefing associated with the pending motion to dismiss is found at D.I. 18, D.I. 19, and D.I. 20.

[2] The briefing associated with the pending motions for appointment of counsel is found at D.I. 23.

name of his employer on its door panel when he failed to stop at a stop sign. (*Id.*) Plaintiff sustained injuries to her lower extremities and bruising. (*Id.* at 12-13)

The FAC alleges that Bennett is a resident of Dover, Delaware and Service Tire Truck Center is located in Bethlehem, Pennsylvania. (*Id.* at 6) The civil cover sheet attached to Plaintiff's original complaint indicates that Plaintiff is a resident of Kent County, Delaware. (D.I. 2-1)

## II.    LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may raise facial or factual challenges to subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Facial attacks challenge the sufficiency of the pleadings, whereas factual attacks challenge the jurisdictional facts of a plaintiff's claims. *See Lincoln Ben, Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

In reviewing a facial challenge under Rule 12(b)(1), the court must accept the truth of all factual allegations in the complaint and afford all reasonable inferences in favor of the plaintiff. *See NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001). When the challenge to jurisdiction is a factual attack, the court may determine the facts based on the record before it. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006). The party asserting subject matter jurisdiction bears the burden of proof that jurisdiction exists. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

2

## III.    ANALYSIS

I recommend that the court GRANT Defendants' motion to dismiss for lack of subject matter jurisdiction.  Section 1332(a) provides that a federal district court has subject matter jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Under the statute, there must be "complete diversity," meaning that the plaintiff cannot be a citizen of the same state as any of the defendants.  *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).  In her answering brief to the pending motion to dismiss, Plaintiff concedes that there is no diversity of citizenship and bases her jurisdictional argument exclusively on federal question jurisdiction.  (D.I. 19 at 4-5)  There is no complete diversity of citizenship because Plaintiff and Bennett are both citizens of Delaware.  (D.I. 8 at 6; D.I. 2-1)

Under Section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff alleges that the court has subject matter jurisdiction over the case because she brings claims under the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. §§ 392.2 and 392.3.  (D.I. 19 at 11)  However, it is well-established that there is no federal private right of action under the FMCSR.  *See Ware v. Transp. Drivers, Inc.*, 30 F. Supp. 3d 273, 276 (D. Del. 2014) ("Neither the Federal Motor Carrier Safety Regulations nor the Federal Motor Carrier Safety Act creates a private cause of action.").  Although provisions of the FMCSR may be cited to support a negligence *per se* claim, "Congress did not intend for negligence per se actions alleging violations of the Federal Motor Carrier Safety Act to confer federal question jurisdiction."  *Gray v. Lamur*, 2023 WL 12097053, at *3 (D.S.C. May 2, 2023); *see also Shifflett*

*v. Routhier*, 2024 WL 4894866, at \*3 (W.D. Va. Nov. 26, 2024) ("There is widespread consensus among federal district courts that there is no federal private right of action allowing personal injury or wrongful death plaintiffs to hold defendants liable for violations of the FMCSR[s]." (internal quotations and citations omitted)).  Thus, the FAC fails to establish any basis for the court's subject matter jurisdiction under 28 U.S.C. § 1331.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT the pending motion to dismiss for lack of subject matter jurisdiction and DISMISS the civil action without prejudice. (D.I. 17)  I further recommend that the court TERMINATE Plaintiff's pending motions for appointment of counsel as moot.  (D.I. 21; D.I. 24)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b).  The objections and responses to the objections are limited to ten (10) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 4, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4